**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DESBELE GEBRE TEWELDE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-744-PRW |
| | ) | |
| TODD BLANCE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Before the Court is Petitioner's First Motion for Temporary Restraining Order (Dkt. 4), seeking an order directing Respondents to provide Petitioner with an individualized custody determination or, alternatively, release him from custody. For the following reasons, the Court **DENIES** the Motion (Dkt. 4).

### *Background*

The Motion (Dkt. 4) arises out of a habeas claim, filed pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner entered the United States on or about March 9, 2023, without first being inspected or admitted.[2] Petitioner represents that he has resided in the United States for about three years.[3] On March 13, 2026, ICE arrested Petitioner and placed him in removal proceedings pursuant to 8 U.S.C. § 1229a and detained him pursuant to 8 U.S.C.

---

[1] "Challenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004).

[2] Pet. (Dkt. 1), at 2.

[3] *Id.*

1

§ 1225(b)(2)(A) because he entered the country without inspection.[4] Petitioner, however, believes he is detained pursuant to 8 U.S.C. § 1226(a), which doesn't require detention and permits bond when detention occurs, and thus he requests that he either receive a detention hearing or be released.[5]

### Legal Standard

Temporary restraining orders ("TRO") and preliminary injunctions are extraordinary remedies meant to preserve the status quo while the parties litigate the merits of the movant's underlying claims.[6] The Court may enter a TRO or preliminary injunction if (1) Petitioner is substantially likely to succeed on the merits; (2) Petitioner will suffer irreparable injury if the injunction is denied; (3) Petitioner's threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) the injunction would not be adverse to the public interest.[7] As the movant, Petitioner bears the burden to establish that each of these factors tip in his favor.[8]

The Tenth Circuit identifies three kinds of disfavored preliminary injunctions: those that (1) disturb the status quo; (2) are mandatory as opposed to prohibitory; and (3) afford the movant substantially all the relief he may recover at the conclusion of a full trial on the

---

[4] *Id.*

[5] *Id.* at 3.

[6] *Amoco Oil Co. v. Rainbow Snow*, 748 F.2d 556, 557 (10th Cir. 1984).

[7] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008).

[8] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

merits.[9] "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."[10] Here, Petitioner requests a mandatory injunction that would both alter the status quo and provide him with the same primary relief requested in his Petition for Writ of Habeas Corpus (Dkt. 1). Because such injunctions are "disfavored," Petitioner must make a "strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms, and may not rely on [the Tenth Circuit's] modified likelihood-of-success-on-the-merits standard."[11]

## *Discussion*

### I.  **Petitioner is unlikely to succeed on the merits.**

Petitioner cannot demonstrate that he satisfies the most important factor the Court considers in granting interim relief. In his Motion (Dkt. 4), Petitioner argues that his detention violates the Immigration and Nationality Act and the due process clause. Because Petitioner can make no showing he will succeed on the merits for either claim, the Court cannot grant a TRO.[12]

---

[9] *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005)).

[10] *Id.* (quoting *Schrier*, 427 F.3d at 1259).

[11] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976–77 (10th Cir. 2004).

[12] In his Petition (Dkt. 1), Petitioner argues that the Department of Homeland Security also violates the Administrative Procedure Act. But Petitioner does not raise this argument in his Motion (Dkt. 4).

**A.      Petitioner is detained under 8 U.S.C. § 1225(b)(2).**

For the reasons given in the Court's Order in *Sosa v. Holt*, the Court finds that, because Petitioner entered the United States without admission or inspection, he is properly detained pursuant to 8 U.S.C. § 1225(b)(2).[13]

**B.      Petitioner has failed to show a due process violation.**

**1.      Substantive due process**

Petitioner has been in ICE custody since March 13, 2026.[14] *Zadvydas v. Davis* states that a six-month detention period is presumptively constitutional before the government must release a removable alien who shows "that there is no significant likelihood of removal in the reasonably foreseeable future[.]"[15] As in *Sosa*, the Court finds that Petitioner's due process claim is premature.[16]

**2.      Procedural due process**

Petitioner also asserts that "prolonged detention without any opportunity for individualized custody review violates due process."[17] But Petitioner's Motion (Dkt. 4) does not explain why he is entitled to a bond hearing under the Fifth Amendment. Only the Petition (Dkt. 1) includes a passing citation to *Mathews v. Elridge*,[18] and even there,

---

[13] *See Sosa v. Holt*, Case No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026).

[14] Pet. (Dkt. 1), at 2.

[15] 533 U.S. 678, 701 (2001).

[16] *Sosa*, at *5; *see Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

[17] Mot. (Dkt. 4), at 3.

[18] 424 U.S. 319.

4

Petitioner fails to explain why or how *Mathew*'s three-factor test applies in this case.[19] The burden is on the Petitioner to make a "clear showing" that he is entitled to a TRO.[20] He has not attempted to do so here.

## II.    Petitioner has failed to demonstrate irreparable harm.

Petitioner's Motion (Dkt. 4) casts his irreparable harm as being one of "unlawful detention."[21] But because the Court has found that Petitioner *is* lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and in accord with the Due Process Clause, his detention is not unlawful, and therefore he suffers no cognizable irreparable harm.

## III.    The balance of the equities and public interest do not tip in Petitioner's favor.

Finally, because the Court finds Petitioner suffers no legally cognizable injury, there is no question that the equities and public interest weigh in favor of Respondents' continued enforcement of the nation's immigration laws.

### *Conclusion*

Because Petitioner has not demonstrated that any of the necessary factors for preliminary relief work in his favor, the Court **DENIES** the Motion (Dkt. 4).

---

[19] *See Jandres-Ordonez v. Bondi*, No. 6:25-CV-084-H, 2026 WL 274493, at *12 (N.D. Tex. Jan. 23, 2026) (explaining why *Mathews* should not be applied when the petitioner is an "applicant for admission" and holding that such applicants are not entitled to a bond hearing as a matter of procedural due process).

[20] *McDonnell v. City & Cnty. of Denver*, 878 F.3d 1247, 1252 (10th Cir. 2018).

[21] Mot. (Dkt. 4), at 4.

**IT IS SO ORDERED** this 24th day of April 2026.

                               _____

                               PATRICK R. WYRICK

                               UNITED STATES DISTRICT JUDGE